UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SANDRA K. RACCA                                        CIVIL ACTION

VERSUS                                                          NO. 19-12120

THE PRUDENTIAL INSURANCE                      SECTION "R" (2)
COMPANY OF AMERICA


## ORDER AND REASONS

Before the Court is defendant Prudential Insurance Company of America's motion to transfer venue.[1]  The plaintiff does not object to the transfer of this action to the Western District of Louisiana.[2]  Because the Court finds that venue is proper in the transferee district and that it is in the interest of justice to transfer, the Court grants the defendant's motion.


## I.    BACKGROUND

This ERISA dispute arises out of Sandra Racca's claim for long-term disability benefits.  Racca, a resident of Kaplan, Louisiana, works for Compass Health and is a participant and beneficiary of its ERISA plan.[3]

---

[1]    R. Doc. 9.
[2]    R. Doc. 11.
[3]    R. Doc. 1 at 1 ¶ 3.

Compass Health is headquartered in Crowley, Louisiana and has an office in Kaplan, Louisiana.[4] Compass Health employees are insured through a group disability policy issued by Prudential, a New Jersey company.[5] Racca asserts that she filed a disability claim and was unlawfully denied benefits to which she is entitled.[6] Racca appealed the denial of her benefits, and the appeal was denied.[7] Racca then filed suit in the Eastern District of Louisiana, alleging that Prudential has abused its discretion and that she is entitled to benefits it withholds.[8]

Prudential filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to either the Western District of Louisiana or the District of New Jersey.[9] The plaintiff's response noted that after discussion "both parties agree to transfer of this matter to the Western District of Louisiana."[10]

## II.   LEGAL STANDARD

A district court may transfer an action to any other district where the plaintiff could have filed suit "for the convenience of parties and witnesses"

---

[4]   R. Doc. 9-1 at 2.
[5]   R. Doc. 1 at 1 ¶¶ 4-5.
[6]   R. Doc. 1 at 2 ¶¶ 7-10.
[7]   R. Doc. 1 at 2 ¶ 11.
[8]   R. Doc 1 at 2 ¶¶ 12-16.
[9]   R. Doc. 9.
[10]   R. Doc. 11.

when such a transfer is "in the interest of justice." 28 U.S.C. § 1404(a). Although plaintiffs' choice of forum is important, it is not determinative. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) *overturned on other grounds*, 545 F.3d at 304 (*In re Volkswagen II*) (explaining that under Section 1404(a) the plaintiff's choice of forum is to be considered, but also noting that "the statute requires only that the transfer be '[f]or the convenience of the parties, in the interest of justice.'" (quoting *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1247 (5th Cir. 1983))).

The defendant moving to transfer venue must first demonstrate that the plaintiff could have brought the action in the transferee court initially. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("[t]he power of a District Court under section 1404(a) to transfer an action to another district is made to depend . . . upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*In re Volkswagen I*) ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). The defendant must then show "good cause" for transfer. *In re Volkswagen II*, 545 F.3d at 315 (explaining that the "good cause" burden reflects the appropriate

deference to which the plaintiff's choice of venue is entitled); see also 28 U.S.C. § 1404(a). To show good cause, a defendant must satisfy the statutory requirements and clearly demonstrate that the transferee venue is more convenient for the parties and witnesses. *Id.*

In deciding a transfer motion, the district court must consider the private and public interest factors enunciated in *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508 (1947). *See In re Volkswagen II*, 545 F.3d at 315. The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *In re Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interest decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or application of foreign law. *Id.* These *Gilbert* factors "are appropriate for most transfer cases, [but] they are not necessarily exhaustive or exclusive." *In re Volkswagon II*, 545 F.3d at 315. Nor is any one factor dispositive. *Id.*

## III. DISCUSSION

### A. Jurisdiction

The Court must first determine whether Racca could have sued Prudential in the Western District of Louisiana. Here, it is undisputed that federal jurisdiction arises under federal ERISA law. *See* 29 U.S.C. § 1132(e)(1). ERISA contains a venue provision which states that an ERISA action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." *Id.* at § 1132(e)(2).

The parties do not dispute that Racca could have sued Prudential in the Western District of Louisiana. Racca lived in that District and worked for a company located in that District at the time Prudential terminated her claim for benefits. The district where the plaintiff's pension benefits were received or denied is the district where the breach took place. *See, e.g., Wallace, v. Am. Petrofina*, 659 F. Supp. 829, 832-33 (E.D. Tex. 1987); *Nat. Shopmen Pension Fund v. Stamford Iron and Steel Works, Inc.*, 999 F. Supp. 2d 229, 233 (D.D.C. 2013). For these reasons, the Court finds that Racca could have appropriately filed suit in the Western District of Louisiana.

### B. Private Interest Factors

#### 1. *Relative Ease to Access to Sources of Proof*

Although electronic transfers of information have decreased the significance of this factor, the relative ease of access to sources of proof is still a factor to consider in resolving a transfer motion. *See In re Volkswagon II*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render it superfluous.") Here, the plaintiff lives in the Western District of Louisiana, which is also where she allegedly became disabled and where her claim was denied. The plaintiff and her treating physicians are located in the Western District of Louisiana, as well as any documents or records they may have. Therefore, the Court finds that this factor weights in favor of transfer.

#### 2. *Availability of Compulsory Process and Cost of Attendance of Willing Witnesses*

The factors relating to the availability of witnesses also weigh in favor of transfer. Courts recognize the availability and convenience of witnesses as an important factor in a Section 1404(a) analysis. *See, e.g.*, *In re Acer Am. Corp*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) ("One important factor in a § 1404(a) calculus is the convenience of the witnesses."); *Employers Mut. Casing Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) ("The convenience of the witnesses is the most important factor in deciding a

motion under § 1404(a).").  Here, should witness testimony be necessary, the plaintiff's witnesses, including the plaintiff herself and her healthcare providers, are located in the Western District of Louisiana.  The defendant's witnesses are likely to be located in the District of New Jersey.  No potential witness resides in the Eastern District of Louisiana.  Moreover, to the extent a witness must be subpoenaed, the court has power only to subpoena witnesses within 100 miles of the trial, deposition or hearing.  *See* Fed. R. Civ. P. 45(c)(1)(a).  The Court notes that Kaplan, where the plaintiff and plaintiff's witnesses are likely to be located, is over 100 miles away from New Orleans, where this Court is located.  Therefore, these factors weigh in favor of transfer.

### 3. *Other Practical Problems*

A transfer would not create any practical problems.  All parties request transfer to the Western District of Louisiana.  Accordingly, the Court finds that none of the parties would be inconvenienced by such a transfer.  Thus, this factor weighs in favor of transfer.

## C. Public Interest Factors

### 1. *Administrative Convenience*

The parties do not suggest that this case presents any administrative difficulties or threatens to clog any court's docket.  Instead, they point out

that because the litigation is in the preliminary stages, no administrative inconvenience would result from a transfer.  The Court finds this factor to be neutral.

### 2.    *Local Interest*

The Fifth Circuit has noted that when the underlying facts of a case are overwhelmingly tied to one locale, then the place of the alleged wrong is a factor that properly can be considered within the local interest.  *In re Volkswagon II*, 506 F.3d at 387 n.7.  Here, the plaintiff is a resident of Kaplan, Louisiana, which is located in the Western District of Louisiana.  The company for which she works, and which created the relevant ERISA plan, is headquartered in Crowley, which is also in the Western District of Louisiana.  The Western District of Louisiana has an interest in adjudicating disputes involving its residents.  The Eastern District of Louisiana has no such interest here, as no party resides in this district.   Given these considerations, this factor weighs in favor of transfer.

### 3.    *Forum Familiarity and Conflicts of Law Problems*

There is also no indication that this case raises any conflicts of law issues.  Moreover, the case arises under federal ERISA law, which both federal districts are likely to be equally familiar with.  Accordingly, the Court finds these factors to be neutral.

### D. Transfer in ERISA Cases

As described above, both the private and public interest factors weigh in favor of transfer. But courts in this district have noted that when a case involves judicial review of an ERISA administrator's decision to deny/terminate benefits, it is likely to be determined based on an administrative record. *See Magri v. Unum Life Ins. Co. of Am.*, No. 13-5700, 2013 WL 6174495, at *2 (E.D. La. Nov. 21, 2013). Because of this, the private and public interest factors discussed above carry less weight. *Id.* Although the Court finds that the private and public interest facts carry less weight in an ERISA case, the Court still finds that defendants have carried their burden of showing good cause for transfer.

Here, the Eastern District of Louisiana has virtually no connection to this case. The only connection that can be identified is convenience for the plaintiff's lawyer, which is an "irrelevant and improper consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). And as demonstrated by the analysis of the private and public interest factors, the Western District of Louisiana has a significant interest in this case and would be a more convenient forum.

## IV. CONCLUSION

Considering all of the Section 1404(a) factors, and that the plaintiff also consents to transfer, the Court finds that the transferee district is more convenient than this forum. For the foregoing reasons, the Court GRANTS the defendant's motion to transfer.

New Orleans, Louisiana, this __31st__ day of October, 2019.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE